**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1405**

MENGISTAB ASMELASH HAILE,

                Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 19, 2016      Decided:  April 8, 2016

Before KING, SHEDD, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Leake Fesseha, LAW OFFICE OF LEAKE FESSEHA, Arlington, Virginia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Blair T. O'Connor, Assistant Director, John B. Holt, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mengistab Asmelash Haile, a native and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We review questions of law de novo and factual findings for substantial evidence, "reversing only if the evidence compels a contrary finding." Pastora v. Holder, 737 F.3d 902, 905 (4th Cir. 2013) (citing 8 U.S.C. § 1252(b)(4)(B) (2012)). An adverse credibility finding must be supported by specific, cogent reasons. Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011).

> [O]missions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the agency to make an adverse credibility determination as to the applicant's entire testimony regarding past persecution.

Id. at 273-74 (internal citations omitted). An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii) (2012).

We have reviewed the record and considered Haile's arguments challenging the adverse credibility finding and

2

conclude that the finding is supported by substantial evidence. The inconsistencies as specified by the Board concern the core of Haile's asylum claim. See Qing Hua Lin v. Holder, 736 F.3d 343, 353 (4th Cir. 2013) (finding alien's failure to mention forced abortion at airport interview was "not a minor evidentiary detail whose absence can be overlooked, it [was] the very core of her claim"); Dankam v. Gonzales, 495 F.3d 113, 122 (4th Cir. 2007) ("Because the arrests are the key events underlying [the] claim for asylum, it follows that details surrounding these arrests and the dates on which they occurred are more than minor or trivial details."). We also conclude that the record does not compel a finding that the record of sworn statement was unreliable. The typed and detailed statement had several indicators of reliability. See Ramsameachire v. Ashcroft, 357 F.3d 169, 180 (2d Cir. 2004) (setting forth factors to use to evaluate the reliability of the airport interview).

We also conclude that substantial evidence supports the finding that Haile failed to submit "adequate independent documentary evidence to establish asylum eligibility." Ilunga v. Holder, 777 F.3d 199, 213 (4th Cir. 2015). Accordingly, we conclude that substantial evidence supports the denial of asylum and withholding of removal. Because Haile's challenge to the denial of protection under the CAT relies upon

3

us finding error with the agency's adverse credibility finding, we further conclude that substantial evidence supports the denial of protection under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED